OPINION
This is an appeal from the judgment of the Crawford County Municipal Court ordering Defendant-Appellant, Anthony Manson (Manson), to pay Plaintiff-Appellee, Michael Goddard (Goddard), $8,400 in a breach of contract action.
On December 8, 1997, Goddard and Manson entered into a written contract in which Goddard would purchase a mobile home from Manson for $5,800 plus interest at 13 1/2%, payable in monthly installments of $350.00. The mobile home was located on a lot in Manson's Mobile Home Park. On December 13, 1999, Manson made the final payment on the mobile home, which brought the total paid for the home to $8,400 including interest.[1] After making the final payment, Goddard requested the title to the mobile home. Goddard received the title to the mobile home; however, the title was not in Manson's name, but in the name of Harmon J. Reuss.
Goddard asserts that he went to the Crawford County Clerk of Courts to inquire what needed to be done in order to transfer the title. He further asserts that someone in that office told him that the person he bought it from would need to sign the title or transferring the title would result in title-jumping. Thereafter, Goddard sent the title back to Manson so that Manson could correct the problem. When Goddard did not receive the title back with the correct signatures, he wrote a letter demanding the same.
On October 19, 2000, Goddard filed a complaint in the Crawford County Municipal Court alleging that Manson breached the contract for the sale of the mobile home by not delivering good title and that as a result, Goddard was damaged in the amount of $8,400, the price paid for the mobile home. Manson failed to reply in the appropriate time and Goddard filed a motion for default judgment on November 28, 2000. Subsequently, Manson filed a Motion of Defendant for Leave to File Answer Instanter, which was granted on January 11, 2001. Manson filed an answer on January 11, 2001 denying that he was in breach of contract.
A hearing was held on February 23, 2001 and in a judgment entry dated March 19, 2001, the trial court found that Manson never provided Goddard with clear title to the Mobile home and awarded Goddard $8,400. The court noted that while the reasonable rental value of the trailer would have been approximately $250 per month, Manson failed to allege this claim in any answer, counter-claim or motion to amend the pleadings to conform to the evidence adduced at trial. The court further noted that even if Manson had amended the pleading, he had introduced no evidence to prove that he was entitled to rent payments instead of the title owner of the mobile home, Harmon J. Reuss.
Manson appeals this judgment asserting three assignments of error, which will be discussed together.
 The court erred as a matter of law, in finding that the defendant breached the contract of sale by failing to deliver to the Plaintiff a Document of Title in the Plaintiff's name.
 The court erred in the award of damages to the plaintiff in the full amount of the purchase price of the goods ($5,800) and the interest ($3,100) where the Plaintiff failed to offer any evidence of any damages.
 The court erred in not setting off the fair market value to the Plaintiff's use of the goods prior to the revocation of acceptance.
A buyer of goods may revoke his acceptance if the non-conformity of the goods substantially impairs their value to him if he accepts the goods on the reasonable assumption that its "non-conformity would be cured and it has not been seasonally cured." UCC 2-608 (codified at R.C. 1302.66).
 Whether a complained of nonconformity substantially impairs an item's worth to the buyer is a determination exclusively within the purview of the fact-finder * * *. Any defect that shakes the buyer's faith or undermines his confidence in the reliability and integrity of the purchased item is deemed to work a substantial impairment of the item's value and to provide a basis for revocation of the underlying sales agreement.
 McCullough v. Bill Swad Chrysler-Plymouth, Inc. (1983), 5 Ohio St.3d 181,186.
Additionally, a buyer must revoke acceptance within a reasonable time after the buyer discovers or should have discovered the grounds for revocation. UCC 2-608. Furthermore, the revocation is only effective upon notification to the seller and where the buyer justifiably revokes acceptance, the buyer may cancel and recover the price that he has paid. UCC 2-711 (codified as R.C. 1302.85(A)).
In this case, the absence of good title to the mobile home substantially impairs the value of the home, as it cannot be resold without a good title. See Shutt v. Mooney (Nov. 9, 1999), Putnam App. No. 12-99-06, unreported (trial court did not err in finding that there was a diminution in the value of the vehicle solely because of the status of the certificate of title). As Manson's name is not on the title as the present owner of the mobile home, Manson cannot convey good title to Goddard. Additionally, Goddard was under a reasonable assumption that he would receive a good title from Manson once he had paid for the mobile home. At the time he received the title to the mobile home in February 2000, Goddard notified Manson's agent of the defect in the title, which was the date he discovered the non-conformity. However, as of the date of the trial, the defect had not been cured. As such, Goddard rightfully revoked his acceptance, and we find that the trial court rightfully ordered cancellation of the contract. Furthermore, we also find that the Court's award of $8,400 to Goddard was appropriate as UCC 2-711 states that Goddard is entitled to the amount he has paid for the goods in such a case. As both parties stipulated at the hearing that $8,400 was paid by Goddard for the trailer, damages were sufficiently proved.
Moreover, the trial court indicated a willingness to offset the amount awarded by reasonable rental payments for the period of time Goddard had lived in the mobile home. However, Manson failed to amend the pleadings to conform the evidence and did not present any evidence that he would be entitled to the payments, as he is not the title owner of the property. Accordingly, we overrule Manson's first, second and third assignments of error.
Based on the foregoing, we affirm the judgment of the trial court.
BRYANT and HADLEY, JJ., concur.
[1] At the hearing, Goddard and Manson stipulated that Goddardpaid the $8,400.